THE PEOPLE, on the relation of George M. Patchen, *vs.* THE SUPERVISORS OF THE COUNTY OF KINGS.

The *supervisors of a county* when called on to *audit* the damages of owners of lands taken for roads, are not *concluded* by the assessment of a jury or liquidation of commissioners, but may *reduce* the amount certified, and direct only the balance to be levied and collected.

The supervisors have no authority to enquire into the regularity or propriety of the proceedings of the commissioners ; they can be reviewed only upon *certiorari.*

June 7. MOTION for a mandamus. The commissioners of highways of the town of Brooklyn, having laid out a new road and caused the damages of the owners of the lands over which the road was laid to be assessed by a jury, certified their doings to the surpervisor of Brooklyn, stating the amount of the damages and of the charges and expenses consequent upon the laying out of the road ; which certificate was laid before the board of supervisors of the county, for the purpose of being *audited,* levied and collected. The board refused to act upon the application. Whereupon an *alternative mandamus* was issued by this court, directing them to proceed to audit the damages, charges and expenses, and to cause the same to be levied and collected, or to shew cause, &c. The supervisors made a return to the writ thus issued, stating various causes why they should not obey the writ, (among others) that the road laid out was not required for the convenience of the town of Brooklyn, that two of the commissioners were interested in the laying out of the road, and that the damages of the owners of the land were assessed exorbitantly high, &c. &c. Upon the coming in of this return, a *peremptory mandamus* was moved for.

*S. F. Clarkson,* for the motion.

*G. Furman,* contra.

*By the Court,* SUTHERLAND, J. Under the revised statutes the supervisors are not *concluded* by the damages assessed by the jury, or liquidated by the commissioners of highways ;

they have a right to *review* such assessment. The *general*
*road act*, 1 R. S. 515, § 69, gives to the board of supervisors
in express terms " power to examine into the *principles* on which
such assessment shall have been made, and into the *fairness*
and *justice* thereof, and to increase or reduce the damages as in
their judgment shall be just and reasonable." The act regu-
lating highways and bridges in the counties of Suffolk, Kings
and Queens, 3 R. S. app. 137, § 54, provides that the " amount
of damages as settled by the jury, or as liquidated by the com-
missioners, together with the charges of the commissioners,
&c. employed in making the assessment, *as audited and allow-
ed* by the board of supervisors, shall be levied and collected,"
&c. The power here given to *audit*, or *examine and allow*,
must be construed to apply to the damages found by the jury,
as well as to the incidental charges of the proceedings—this and
the general road act being in *pari materia*. The intention of the
legislature so clearly manifested in that act to vest this surper-
visory power in the supervisors, may with propriety be used,
if necessary, in giving a construction to doubtful expressions in
relation to the same subject in this act. I have no doubt they
intended to give a discretion to the supervisors of the counties
on Long Island in relation to the *damages* as well as *charges*.

The supervisors in this case, therefore, had a right to exam-
ine the assessment, and if they thought it extravagant, to re-
duce it, and direct only the balance to be levied and collected.
But this they have not done. The return admits that *some
damages* have been sustained by the persons through whose
lands the road is laid out. The supervisors, therefore, should
have decided the amount of those damages, and have caused
them to be collected; this it is the intention of the court by
this mandamus to compel them to do.

Beyond the auditing or liquidating the damages they have
no discretion. They have no authority to inquire into the
regularity or propriety of the proceedings of the commissioners
upon an application to them to cause the damages to be col-
lected. Those proceedings may be reviewed upon *certiorari*,
but they cannot be inquired into in this collateral manner.

Let a peremptory mandamus therefore issue, directing the
supervisors to proceed, and audit the damages found by the

ALBANY,
June, 1832.

jury, together with the charges of the commissioners, &c. and to cause the amount of the damages and charges, as audited and settled by them, to be levied and collected in the town where the road is situated.

Motion granted.