By the Court,

Bronson, J.
f think the relators were not entitled to damages—that the case has not been provided for by the statute. 1 R. S. 512, art. 4. The language of the statute is broad enough to include consequential damages, but they can only be allowed where some portion of the applicant’s land has been taken for the highway. The damages may in certain cases be ascertained by the agreement of the owner and the commissioners. § 64. If not agreed on, they are to be assessed by a jury, on the application of the commissioners, or of the owner of the land through which the road is laid out; but the jury must not be of kin to the owner of such land. § 65. The jury are to view and examine the premises. § 67. The commissioners are to pay the owner the sum assessed to him. $ 70. These piovisions seem plainly to imply that damages are only given where land has been taken from the owner. It is' said that the word through, in the 65th section, does not necessarily mean that the road must be laid out over or across the land; that it may apply where the highway is laid against or hy the side of the applicant’s land. But if we refer to the preceding sections where the same word is used, it will be seen that this construction cannot be maintained. No road shall be laid out through any orchard or garden, without the consent of the owner, nor through any building, § 57, nor through enclosed, improved or cultivated land, without the consent of the owner or occupant thereof. § 58. Every person who shall apply for the laying out of a highway through any such land, shall give notice, and specify the several tracts of land through which the road is proposed to be laid, § 59. Notice must be given to the occupant of the land through which the road is to run. § 62. Then come the sections already noticed, which provide for ascertaining the damages by reason of laying out and opening such road. It may be very proper that the relators *104 should have a remedy, but it has not, I think, been provided by this statute.
The board of supervisors had no right to go back of the assessment by the jury, and inquire into the regularity of the previous proceedings. The People v. Supervisors of Kings, 7 Wendell, 530. But they had power to examine into the principles on which the assessment had been made, and to increase or reduce the damages. § 69. If the relators were not originally entitle to any damages, the board might reduce the assessment to a mere nomial sum; and if they erred in rejecting the claim altogether, it does not seem to be a proper case for allowing a mandamus.
Motion denied.