## SUPREME COURT.

### WILD AND OTHERS agt. THE BOARD OF SUPERVISORS OF THE COUNTY OF COLUMBIA.

In an action against a *county*, the suit should be brought against " *The Board of Supervisors*" of the county; but when the action is against the *supervisors*, the suit should be brought against them individually, specifying their name of office.

Where an action is brought against " The Board of Supervisors," it is not a ground for setting aside the proceedings, because the supervisors are not individually named; it will be assumed that the action is brought against the county. If the action is not against the county, the objection may furnish a good defence—the wrong party being sued—but not for setting aside the proceedings.

*Albany Special Term, January*, 1854. Motion to set aside summons and complaint.

The grounds of the motion, as stated in the notice, were, that no person or persons are named in the proceedings as de-

fendants, and that the persons constituting the board of super-visors of the county of Columbia are not named individually, nor designated by their name of office. .

H. Hogeboom, *for Plaintiffs.*
Theodore Miller, *for Defendants.*

Harris, Justice. A county is a body corporate. Its acts and proceedings are in the name of the board of supervisors. It may sue and be sued in that name. (1 *R. S.* 364, §§ 1, 2, *and* 3, 384, §§ 2 *and* 3.) There is no ground, therefore, for saying that the defendants in this action can not be sued. The board of supervisors, and not the individual officers who in their collective capacity constitute that board, represent the body corporate known as the county. When such body corporate is to be sued, the action should be against the board of supervisors and not against the supervisors in their individual names, adding their names of office. Such has been the uniform practice. (*See* 7 *Wend.* 530; 19 *Wend.* 102; 10 *Wend.* 363; 19 *John.* 272; 3 *Barb.* 332; 4 *Barb.* 64; 9 *Wend.* 182; 26 *Wend.* 66; 5 *Denio,* 517.)

It is true that, by the 96th section of the article of the Revised Statutes relating to proceedings by and against public, bodies, &c., (2 *R. S.* 474,) it is declared that actions against the officers named in the 92d section of the same article should be brought against them individually, specifying their name of office. Among the officers thus named are the supervisors of a county. But that it was not intended that this provision should be applied to a suit against the board of supervisors is obvious, as it seems to me, from the preceding 95th section, which declares that actions against counties shall be brought against the board of supervisors thereof. When the action is against the supervisors in their official character, I suppose it must be brought in the manner prescribed by the 96th section. But when it is brought against the board of supervisors as the representatives of the county the provisions of that section are inapplicable. It is then brought against a body corporate whose corporate name, instead of being the name of the county, is the board of supervisors of the county.

Whether it was intended to make the county of Columbia the defendant in this action liable, it is not important, upon this motion, to inquire. If it was, the action is properly brought against the board of supervisors. If it was intended to bring the action against the supervisors, *as officers*, and not against the county, then I suppose they should have been named in the manner prescribed in the 96th section. In that case the plaintiffs may find it necessary to have their proceedings amended, but it furnishes no ground for granting this motion. It is but the case of a suit brought against the wrong defendant. It may furnish a good defence for the party sued, but no ground for setting aside the proceedings. It must be assumed, here, that the plaintiffs intended to sue the county of Columbia, and, if they did, the action is properly brought against the board of supervisors.

The motion must therefore be denied, but it is not a case for granting costs.