NEW-YORK,
May, 1833.

THE PEOPLE *vs*. THE SUPERVISORS OF THE COUNTY OF COLUMBIA.

The People
v.
Supervisors of
Columbia Co.

The presumption of payment, in analogy to the *statute of limitations*, was not applicable to demands due to the government previous to the late revision of the laws extending that statute to actions in the name of *the people*.

The effect of the statute upon demands *existing* at the time of its going into operation, is the same as upon demands accruing on the day that the statute takes effect; that is, all demands then existing must be sued for within the time limited, or they will be barred.

Where it is made the duty of *supervisors* of a county to raise a certain sum of money, as the ordinary county charges are levied and collected, the remedy is by *mandamus* against the supervisors, and not by *action* against the county.

MANDAMUS in relation to a loan office mortgage. In 1786, an act of the legislature of this state was passed, authorizing the emission of bills of credit to the amount of £200,000, which sum was apportioned among the several counties of the state, and paid over to officers in each county, designated *loan officers*, to be loaned out to the citizens of the several counties, and secured by mortgages on real estate ; and it was provided by statute that if any deficiency should accrue by the selling of land thus mortgaged, on foreclosure of the mortgage, the same should be assessed and levied as other county charges in the county where the lands were situate. A loan was made to one *Isaac Goes*, who mortgaged certain premises situate in the now county of *Columbia*, which were sold on foreclosure, leaving a deficiency on the 21st of April, 1792, of the sum of £74, 2s. 0d., which sum it was alleged by the comptroller of the state, had never been assessed, levied and paid over to the loan officers, or into the treasury of the state. In July, 1832, the attorney-general obtained an *alternative mandamus*, directing the supervisors of Columbia to cause the above sum, with the interest thereof, to be levied and collected, in like manner that other charges upon that county are required by law to be levied and collected, and to pay the same into the treasury of the state, or to shew cause, &c. The supervisors make return, admitting the facts charged, and that they *do*

not *know* that the deficiency accruing on the sale of the mort-gaged premises has ever been paid, either to the loan officers or into the treasury of the state; stating that no account of the proceedings of the board of supervisors of the county of Columbia, prior to the 29th May, 1798, can be found, and that in the records of the proceedings of such board, since that time, no entry whatever is found relating to such deficiency, except an entry in November, 1829, when an application of the comptroller for payment was submitted to the board. They however insist, that as no act has been done by any of the officers of the county of Columbia for *thirty-four years*, admitting or recognizing the liability of the county to make good such deficiency, the county is discharged, &c. To this return the attorney-general demurred.

*J. W. Edmonds*, for the defendants. The claim of the plaintiffs is barred by lapse of time, and in analogy to the statute of limitations, the debt ought to be presumed to be paid. No record of the proceedings of the board of supervisors of the county of Columbia, previous to the year 1798, can be found; and the loan officers who had the charge of this matter are dead, and no successors have been appointed to them. There is every reason, therefore, in favor of the adoption of the presumption asked for. But independent of this consideration, by the revised statutes, 2 *R. S.* 297, § 28, the *statute of limitations for the bringing of suits is extended to actions brought in the name of the people*, in the same manner as to actions brought by individuals. The proceeding in this case is virtually an action. Had the county been sought to be charged as a corporation, either in an action of *debt* or *assumpsit*, the statute would have been a bar; and can the form of the remedy affect the right? Besides, *mandamus* is not the proper remedy, the county being liable to an action. 1 *R. S.* 364. 3 *Burr.* 1267. 4 *id.* 2186. *Douglass*, 526. 1 *T. R.* 396.

*Greene C. Bronson*, (attorney-general) for the people. Had payment been alleged in the return, lapse of time might have been relied upon to support the presumption of payment, but here it is not available to the defendants. Nor does the ex-

tension of the statute of limitations to actions in the name of the people help the defendants ; the statute necessarily is *prospective*, and would not affect even an action of *assumpsit*, in the name of the people, until six years after it went into operation.  8 *Wendell*, 661.  As to the remedy, the people had no right of action against the *county* as a corporation; the county had neither done or omitted to do any thing which subjected it to an action.  Not so as to the *supervisors ;* they had omitted the performance of a duty enjoined by law, and the only and appropriate remedy against them is by mandamus.

NEW-YORK, May, 1833.

The People v. Supervisors of Columbia Co.

*By the Court,* SAVAGE, Ch. J.  It is not pretended that the county of Columbia has ever paid the money now claimed by the plaintiffs ; but it is said that the county has done no act for 34 years admitting the liability of the county. · Before the statutes of limitation, the lapse of time did not raise any presumption of payment ; until the recent revision of the statutes, the government was never affected by those statutes.  There are cases now, not embraced within the statutes, to which a court of equity as well as the common law, in analogy to the statutes, have applied the principle of limitation ; but as the statutes themselves did not embrace demands due to the people, so the analogy has never been applied to such demands.  By the revised statutes, 2 *R. S. 295, 7,* § 18, 28, the same limitations of actions apply to the people of the state as to individuals.  But those statutes, like all others, are prospective, and so are to be construed unless otherwise expressed, or unless they cannot have the intended operation by any other than a retrospective construction.  The revised statutes apply the limitation to actions or causes of action accruing or existing subsequent to their taking effect.  They apply to existing demands, as if they had accrued at the time when the statute commenced its operation.  If the state neglects to prosecute for the period which protects individual claims, it loses the demand in the same manner as individuals do ; but the demand in question would not be barred, upon that principle, until six years after the revised statutes became the law of the state.

These statutes therefore do not protect the defendants. The 45th section expressly provides that they do not affect existing demands.

Is this a proper case for mandamus? It has often been decided in England and by this court, that a mandamus will not be granted where there is a remedy by action. The party asking for a mandamus must have a clear legal right, and no other appropriate specific remedy. 2 *Cowen*, 444. 1 *Wendell*, 325. 7 *Term R.* 396, 404. If an action lies in this case, then a mandamus should be refused. I think an action would not lie. The statute directs the supervisors to levy and collect the amount of deficiency ; it is a duty imposed upon those officers which should be performed by them, but for their neglect, the county in its corporate capacity should not be punished ; nor does any liability attach to the county to pay the money in any way other than that pointed out in the statute. Should it be thought that the offending supervisors ought to respond personally in damages, which is certainly very questionable, still there is no principle which would graduate the damages to the deficiency arising from the mortgage in question ; and for aught the court can know, the money possibly might not be collected in that way. Besides, the law does not contemplate satisfaction in any other manner than by an assessment upon the taxable property of the county ; an action, therefore, is not the appropriate and specific remedy. A *mandamus* is proper, and must be awarded.

Judgment for plaintiffs upon demurrer ; peremptory mandamus granted.