JARVIS, by her next friend v. JARVIS.

The present statute relative to limited divorce is not to be construed retrospec-
tively. Therefore, although husband and wife, who had been married out of
the state, did reside several years within the state of New-York before the
particular section of the statute, under which the present case was supposed
to come, was passed, yet, as the wife only (the complaining party) had been
a resident after the statute took effect and when she filed her bill; *The
Court* decided it had no jurisdiction.

Statutes can never be applied retrospectively by mere construction. Where
the intention to give retro-active effect to a statute is clear, courts will allow
it, provided vested rights are not affected. When a statute is silent as to
time and past events, courts are bound to apply it prospectively only.

---

*March* 12,
1841.

*Husband
and wife.
Divorce.
Jurisdic-
tion.
Statute.*

BILL for divorce, *a mensa et thoro,* on charge of cruelty.
The case now came up on an application, by petition, for
present alimony and money to carry on the suit. It was met
by an affidavit of the defendants in which he denied the acts
of cruelty charged and put himself also upon the ground of
jurisdiction. The court, as it will be seen, refused the motion
on this point of jurisdiction; and the decision of the Vice-Chan-
cellor sufficiently discloses the facts.

Mr. *William Kent,* for the complainant.

Mr. *Holland,* for the defendant.

*June* 8.

THE VICE-CHANCELLOR :—The motion for alimony is re-
sisted upon several grounds ; but the principal one is, the want
of jurisdiction in this court to take cognizance of a case be-
tween parties situated as these are. On which ground also the
defendant has demurred to the complainant's bill.

This question of jurisdiction it becomes necessary first to
examine. The authority of the court of chancery of this state

to entertain a bill for the purpose of annulling a marriage or of decreeing a divorce *a vinculo matrimonii* or *a mensa et thcro*, is derived entirely from the statute laws of the state. Enough must appear upon the face of the bill in such cases to show that a party has a right to exhibit it and that the matter is within the provisions of the statute in regard to jurisdiction or the court, upon demurrer, will be obliged to dismiss it ; and, even without a demurrer, withhold any decree in favor of the complaining party : *Mix* v. *Mix*, 1 John. Ch. R. 204 ; *Williamson* v. *Parisien*, Ib. 389.

- In regard to separations or limited divorces, the statute has provided for three classes of cases in which the court shall have jurisdiction.

1. Where the husband and wife are both inhabitants of this state.

- 2. Where the marriage shall have been solemnized within the state and the wife is an actual resident at the time of exhibiting her complaint.

3. Where the marriage has taken place out of the state and the parties have become and remained inhabitants of this state at least one year and the wife is an actual resident at the time of exhibiting her complaint. (2 R. S. 146.)

The latter is a new provision, first introduced into the revision of 1830 and is an extension of the remedy to cases which the court could not previously notice. The bill in this cause seeks to bring the case within that provision; for it is not pretended that both parties are inhabitants of this state or that the marriage took place or was solemnized here. It states the fact of the marriage of the parties in the year one thousand eight hundred and ten, in the state of Connecticut; their removal to the city of New-York in one thousand eight hundred and eleven, where they continued to reside as inhabitants of this state until the summer of the year one thousand eight hundred and twenty, when they removed to Boston in Massachusetts and where they resided for about six years ; their subsequent residence in Europe for a number of years; and their return to this country and the taking up of their residence at Middletown in the state of Connecticut, where the defendant, the husband, still resides. The bill also states the complainant's separation from him in the state of Connecticut in April, one thousand eight

1841.

JARVIS.
v.
JARVIS.

hundred and thirty-nine and her removal to the city and state of New-York in November of the same year, when she became an actual resident and where she has ever since resided and still intends to reside.

The case is, therefore, not deficient in one of the requisites to give jurisdiction : viz. the wife's actual residence in this state at the time of filing her bill ; and a residence for this purpose may be acquired by the wife though her husband resides elsewhere, (sec. 57 of the statute.)   But is it not deficient in another of the requisites of the statute ?   The marriage having taken place out of the state, have the parties become and remained inhabitants of the state at least a year ?

It is not enough that the wife or complaining party has become and remained an inhabitant for a year ; both parties must have done so and particularly the party proceeded against. For a period of nine years, both of these parties were inhabitants of this state, constantly residing here during that time ; but they changed their place of domicil and ceased to be inhabitants of this state about ten years before the law was passed ; and which law the complainant, upon the strength of such prior inhabitancy, now claims to have the benefit of. Does the law then reach her case and extend to her the benefit of the remedy it has provided ?   This is a very important question to this complainant ; for it is probable that, unless the court of chancery of this state can take cognizance of her complaint, no judicial tribunal can be found with powers competent to afford her redress.

In order to give her the benefit of the remedy which the bill seeks, the revised statutes, as applicable to her case, must be construed to have a retrospective effect.  It is a rule, however, never to apply a statute retrospectively by mere construction. If its terms are such as clearly to indicate that the legislature intended it should operate upon or apply to past transactions of a civil nature, then the courts may permit it so to apply, provided it takes away no previously vested rights, nor impairs the obligations of contracts within the meaning of the federal constitution.   But, if a statute is silent in its terms or at all ambiguous in relation to its effect and application to past events, courts of justice are bound not to apply it to any other than to those which have arisen since the law took effect and

are not at liberty to consider it other than as a prospective law operating prospectively upon the affairs and conduct of men.

There has been a uniform course of decision upon this subject. When the statute to prevent frauds, &c., was first passed, requiring that promises and agreements in certain cases should be in writing in order to be binding, it was held that parol promises and agreements made before the statute were not affected by it, though the statute was broad and general enough in its terms to comprehend them : *Gilmore* v. *Shorter*, 2 Lev. 227 ; *Ash* v. *Abdy*, 3 Swanston, 664.

So, with the statute of mortmain. It was adjudged of no effect upon devises to charitable uses in wills made anterior to the statute, even though the testator happened to die after the statute was passed ; *Ashburnham* v. *Bradshaw*, 2 Atk. 36; *Attorney General* v. *Lloyd*, 3 Atk. 551.

And with respect to the limitation of actions in certain cases created by our own laws, the limitation has been held not to apply where the right accrued previous to the statutes going into effect: *Sayre* v. *Wisner*, 8 Wend. 661 ; *The People* v. *Supervisors of Columbia Company*, 10 Wend. 363. In the last case cited, Chief Justice Savage remarks that these statutes of limitations, like all others, are prospective and they are so to be construed, unless otherwise expressed or unless they cannot have the intended operation by any other than a retrospective construction. And it was held by Spencer, J., in *Dash* v. *Van Kleeck*, 7 John. R. 447, that all laws are to be construed according to the intention of the legislature and, in getting at that intention, courts must presume a prospective and not a retrospective operation of the law was meant, unless such presumption is repelled by express words.

It may possibly be inferred, from some of the cases, that the courts have refused to consider statutes retrospective, because such a construction and application of them would take away previously vested rights ; but if this has entered into the consideration for the rule, it is not the only reason on which the decisions have been made, for, wherever the law has a tendency to change or alter as well as to take away rights previously acquired or to give a new remedy or to extend and enlarge any old one affecting previous rights, the same doctrine has been held. Thus, in a case before Mr. Justice Thompson, in the

circuit court of the United States for the district of Connecticut, in the year one thousand eight hundred and thirty-seven, of *The Warren Manufacturing Company*, a corporation in Maryland, against *The Ætna Insurance Company*, incorporated in Connecticut, being an action of debt upon a judgment recovered in a county court of Maryland, the regularity and validity of the judgment was attempted to be supported under and by virtue of an act of the legislature of Maryland, which gave a remedy in their courts against foreign corporations doing business in Maryland through an agent there. The case was clearly within the letter of the statute; and the suit had been commenced and the proceeding to judgment by default had been conducted in the manner prescribed by the law : but the objection was, that the right of action had accrued and become perfect before the law was passed—that the law, therefore, applied retrospectively, which it was contended was inadmissible. In the opinion of the learned judge, (with a copy of which, in MS, I have been favored,)(*a*) he expresses himself in this wise :—that the law in question, although it purports upon its face to have a retrospective effect, cannot be considered as having such effect and operation ; that it is contrary to all sound principle to allow it to have such effect ; that a retroactive statute partakes in its character of the mischiefs of an *ex post facto* law, and, when applied to contracts or property, would be equally unjust and unsound in principle as *ex post facto* laws when applied to crimes and penalties. He, therefore, held the judgment recovered in Maryland to be of no force or validity.

I am at a loss how to distinguish the present case, in principle, from the one just referred to. There, the attempt was to provide a remedy by an after law to meet a prior case. Here, it is to apply a law to prior events, so as to confer jurisdiction and give a remedy when that which is necessary to give it viz. inhabitancy did not exist when the law was passed and has not existed since. How can this court undertake to exercise jurisdiction and control over the person and conduct of the defendant, by virtue of a legislative enactment, when, at no time since the law was made, has the defendant submitted

(*a*) This case will appear in the 2d vol. of Paine's U. S. C. C. Reports.

himself to its authority by becoming an inhabitant or shown by any other act that he is willing to be judged by it? Such an assumption of power on the part of the sovereignty of this state would be wholly incompatible (in the language of Mr. Justice Story) with the equality and exclusiveness of the sovereignty of Connecticut, where the defendant resides, to judge of his actions and to regulate his conduct in the domestic or in a more extended circle. (Story's Conflict of Laws, 19, 21.) None of the acts complained of against the defendant have been committed within this state. If he should again remove into and become an inhabitant of this state where the complainant is now domiciled, I will not say that this court would not have jurisdiction to investigate those charges and, if found to be true, to apply the remedy according to the laws of the state. But, should this court undertake to do so in the absence of the defendant and when he has done no act submitting his personal rights to this jurisdiction and to the authority of the laws of New-York, I apprehend that the whole proceeding would be justly obnoxious to the reproach of being *in fraudum legis* of Connecticut, where the marriage was contracted and where the husband has now a fixed and permanent residence; and that a decree, if one should be made, would be regarded as the decree of a tribunal foreign to the party to be affected by it and, like the Vermont decrees of divorce and some others which have been put to the test of judicial determination elsewhere, would be found of no force and effect whatever beyond the state where pronounced : 2 Kent. Com. 108, 109 ; *Bradshaw* v. *Heath,* 13 Wend. 407.

Having come to the conclusion that the court of chancery of this state has not jurisdiction and can take no further cognizance of this most unhappy domestic controversy, it is unnecessary for me to examine any of the other questions raised and elaborately discussed by counsel upon this motion. They are all absorbed by the one great leading question of this court's jurisdiction under the statute, which goes to the entire right of the complainant to file a bill here ; and this unfortunate condition of hers, that she has no such right, leaves nothing more to be decided.

[The respective counsel agreed to let the above stand as decision upon the demurrer; and the cause was thereupon

considered out of court; with costs to be paid by the com plainant's next friend, to be taxed.]