Mr. Chief Justice Shaekey
delivered the opinion of the court.
In the year 1838, the relator, Grant, contracted with the board of police of Attala county for the building of a court-house, which he was to complete, according to the plan, by the 1st of January, 1839. After the work was commenced sundry alterations were made in the plan, for which he was to receive additional compensation. Half the price agreed on was to be paid when the building was covered, and the residue when it should be completed. Part of the first payment was made, but it is alleged that a large balance yet remains unpaid. It appears, from an entry on the minutes of the board, that on the 23d of December, 1838, the building was finished, with some few exceptions, for which suitable deductions were to be made, and it was then ordered that the court-house should be received, and that Grant *89 should receive a warrant on the county treasury, payable out of the lot fund, for $7100, but whether such warrant ever issued does not distinctly appear. It is alleged that repeated applications have been made to the board, without success, to have the whole balance due paid, which is said to be $12155, being the balance due on the first payment, and the last instalment for which the warrant was ordered to issue. The prayer is for a mandamus, by which the board shall be required to issue a warrant on the treasury for the amount due; and in case there should be no money in the treasury, then that the board should be required to levy a special tax for the payment. On this petition noticie was served on the board to show cause why a mandamus should not issue. An answer was filed, denying the relator’s right to receive anything further, because of failure, in various particulars, to comply with his contract; and that he had fraudulently imposed on the previous board in performing the work, which deceptions had since been discovered. It concludes by denying that there is anything due.
On the coming in of the answer, the court granted a peremptory mandamus, requiring the board to pay the amount due; and in case there was no money in the treasury, then that a special tax should be levied sufficient to pay the amount.
In applying for a mandamus, the usual course is to obtain a rule on the defendant to show cause why a mandamus should not issue, and if the cause shown be deemed insufficient, then a mandamus in the alternative issues, to which a return is to be made; and if good cause is not thereby shown for not doing the thing, then a peremptory mandamus issues; but a peremptory mandamus will not be granted in the first instance, except in remarkably clear cases. By the common law the return to a mandamus in the alternative is to be taken as true, and the aggrieved party is left to his action for a false return. The court below seems to have regarded this answer as it would the return to a mandamus in the alternative. By moving for a peremptory mandamus, the truth of the answer was admitted. 25 Wend. 680. And on such a motion the same result *90 follows, if it was regarded as a mere showing against the rule. 1 Wend. 320.
A mandamus is the appropriate remedy to compel public functionaries, or tribunals, to perform some duty required by law, where the party has no other remedy; but the right or duty sought to be enforced must be certain. It will not lie if it is not. 3 Barrow, 1452; 10 Wend. 363; 1 Serg. & Rawle, 474. Hence the return must state all necessary facts, so that the court may give judgment. The court cannot enter into an inquiry to ascertain the facts, and settle unsettled matters; it is not competent to decide on disputed facts. The facts are to be shown by the return, or by a judicial determination in an action for a false return; and when so ascertained, a mandamus may issue. In view of these principles did the state of case presented to the court below, justify the judgment for a peremptory mandamus 7
It is insisted that it did, because the board of police is a court of exclusive jurisdiction, and having received the court-house, and ordered that a warrant should issue, its judgment cannot be collaterally inquired into. It is a point which‘may admit of some doubt whether the boards of police are to be regarded as courts, or as quasi corporations. For some purposes they are certainly to be regarded as courts. We have already decided that an appeal lies from them to the circuit courts, by bill of exceptions, or certiorari. County of Yalabusha v. Carbry, 3 S. & M. 529. Regarding it, then, as a court in this instance, how was a mandamus to operate on it 1 A court may be compelled by mandamus to proceed to judgment, but that it must exercise its discretion as to what that judgment shall be. The court granting the mandamus will not say what judgment shall be given ; that would be to give judgment to be carried out by the inferior court. If it has given one judgment which is final and conclusive, why ask for another? That judgment must be binding, as Grant was in court, and a party to it. If it was unsatisfactory to him, why did he not appeal 1 . The case of The County of Yalabusha v. Carbry, decides that an appeal will lie in such cases. If that judgment is in full force, nothing *91 remains to be done but a ministerial act, and the clerk should have been the defendant in this case. The remedy must be sought against the person who is to do the duty. If, on the other hand, the judgment is not conclusive, and the amount due remains unadjusted, the circuit court could have done no more than to direct the board of police to proceed to adjust it, and award judgment. By the 27th section of the act in relation to the boards of police, the clerk of the board is authorized to issue a warrant on the county treasury for any allowance made by the board, and the treasurer is authorized to pay such warrant. It is not the duty of the court to disburse the money belonging to the county. The judgnent of the circuit court directs that a peremptory mandamus be issued, commanding the board of police “forthwith to issue their warrant duly signed and countersigned upon the treasurer of Attala county, directing him to pay over to said Grant the said sum of $12155, with interest, at the rate of eight per cent.-per annum, from the 11th day of September, 1841, until paid, out of any money in the treasury not otherwise appropriated.” This judgment was erroneous in directing the board of police to issue its warrant; it has no such power, and if such warrant had been issued by the board, the treasurer was not bound to pay it; he is only bound to pay warrants issued by the clerk. But it was erroneous in another particular; it was a judgment for so much money, and the direction was that the mandamus should issue to the board of police, not to carry out or enforce its own judgment, but the judgment of the circuit court.
But the court also erred in entering into a calculation as to the amount due. Accompanying the petition there is a sort of running account, or memorandum of credits, which shows a balance due Grant of $9277, to which interest is added making an aggregate of $12155, which is the amount decreed him by the judgment of the circuit court. The court then undertook to decide from evidence what was due, and it took the statement of Grant as conclusive in the matter. This was done in the face of the answer, which is to be taken as true, denying that anything was due. There were two orders of the board of *92 police in this case; one rendered the 2d of July, 1838, which ordered that Grant should be paid the first instalment of $7600, and the other on the 23d of December, 1838, for $7100. Those orders were either conclusive, or they were not conclusive. If they were regarded as judgments, then the most that could have been granted was a mandamus in the alternative, to carry them out. The circuit court could not render a new judgment as it did, founded on these judgments. It had nothing whatever to do with the amount due. If these orders were not conclusive, then the whole matter was open; nothing was certain ; it stood as a matter of contract; and tire circuit court had no power to settle by evidence the amount due. It is stated in the petition that repeated applications have been made to the board of police for payment, but no application appears to .have been made to the clerk for his warrants. If the board has given judgment, it has nothing further to do in the matter. It can neither alter nor suspend its judgment. The board lias no further control over them.
We recognize the board of police as a court for all the purposes connected with an adjudication on Grant’s claim. If that claim is still open, or unallowed, then a mandamus is the proper remedy to compel the board to proceed to render a judgment; but what judgment is to be rendered in a matter that cannot be regulated by mandamus. If it should be erroneous, the party has his appeal, and may correct it. If such judgment has been rendered, the board cannot be required to enter a new judgment, nor can the circuit court render a new judgment and require the board to enforce it, as was done in this instance. The party is entitled to his warrant on the first judgment, if he is entitled to it at all; and if there be no money in the treasury, a mandamus would undoubtedly be the proper remedy to coerce the levy of a tax. One of these judgments directed the payment to be made out of a particular fund; so far it was directory only; and if there should not be such a fund, the judgment could not for that reason fail. In support of the view taken, in addition to the language of the 27th section of the statute, which requires *93 the clerk to issue his warrant, he may refer to the case of Waldron v. Lee, 5 Pick. 323.
If the party can so modify his remedy as to meet the views here expressed, he may do so, for which purpose the cause will be remanded.
Judgment reversed.