THOMAS BURCH vs. WALTER L. NEWBERRY, impleaded with I. N. Burch, before PRATT, GRIDLEY and ALLEN, Justices.

By the 20th section of the Judiciary Act, (1847,) the right was given to either party, in an equity suit or proceeding, heard and determined at a special term, to apply at a general term for a re-hearing. But the time and manner of making the application, were left to be regulated by the rules and practices which the court might adopt, pursuant to the 24th section of the act.

By the 78th rule of court, it is provided that "notice of an application for a re-hearing before the court at a general term may be served at any time within *thirty days* after service of the decree or order complained of; and, if not applied for within that time, process may issue to enforce the decree or order."

This provision is regarded as a limitation of the time within which a re-hearing may be applied for under the rule.

It is not, however, intended that by allowing the thirty days to elapse, the right to a re-hearing *is absolutely lost.* The court, upon a sufficient excuse, and for a good cause shown, has power to dispense with a rigid adherence to the requirements of the rule. (1 Paige, 391.)

*It seems* that the *contents of the petition* on such application, required by the 79th rule, is rendered unimportant, since the decision of the Court of Appeals declaring the order for a re-hearing a matter of course instead of discretion.

Service of a copy of petition for re-hearing, and order to stay proceedings, *unaccompanied with a notice of motion,* is a nullity. (1 Caines, 505; 5 Cow. 438.)

Where the notice of the application for a re-hearing which the rule had prescribed as a condition precedent to the relief sought, was not only not served within the thirty days, but not until more than a month after the supplemental code became a law, (no excuse being offered for the laches)—*held,* that no right having been secured to the applicant to have the motion entertained, and no effectual step having been taken under the 78th rule—on the 12th day of April, the provisions of the supplemental code became directly applicable to the case.

*It seems* that the motion being made after the 1st of July, 1848, the relief could not be granted under the Judiciary Act and rules of court. By the code of procedure, the practice of reviewing a decree made by a single justice upon a re-hearing was abolished, and an appeal was substituted in the place of a re-hearing. By the 388 and 389th sections of the code, all statutory provisions, and all rules and practice of the courts, inconsistent with that act, were abrogated; and by the 391st section this repeal took effect on the 1st of July, 1848.

The applicant not having secured any *vested* rights, or even *inchoate* rights under the Judiciary Act and the rules of the court, *held,* that the provisions of the supplemental code must of necessity apply to the case; and the conditions therein upon which a re-hearing might be had not having been complied with, this court could grant *no relief.*

The *result* of the opinion in the case of *Schermerhorn et. al.,* v. *The Mayor, &c. of New York,* ante page 254, concurred in.

*General Term, July,* 1848.—*Jefferson county. Motion for re-hearing.*

ARPHAXED LOOMIS, *for the motion.*

JOSHUA A. SPENCER, *opposed.*

By the Court, GRIDLEY, Justice.—This is an application for the re-hearing of a decree dismissing the complainant's bill with costs, granted at the late December special term for Oneida county. The papers read on the motion disclose the following state of facts :

1st. That a copy of the decree was served by mail on the 22d day of January, on the solicitor of the complainant.

2dly. That on the 28th day of January the Defendant's solicitor was served with a copy of a petition of the complainant, stating that he felt aggrieved by the decree, and praying for a re-hearing, accompanied by a certificate of counsel, and copy of an order to stay proceedings, till the motion could be made.

3dly. That on the 12th day of February a copy of another petition, verified by Mr. Loomis, was served with a notice of presenting the same at a special term in St. Lawrence county, appointed to be held on the 4th Tuesday of February, which motion was countermanded on the 14th of the same month.

4thly. That on the 22d of May, a notice of the present motion was served, which was followed on the 28th of June, by the service of an explanatory affidavit of Mr. Greene, a clerk of the solicitor of the complainant. Upon these facts, it is claimed by the complainant's counsel that he has established a right to have the decree in question "re-heard" under the provisions of the "act relating to the judiciary," and the standing rules of the court. This obviously depends upon the question whether he had complied with the requirements of the rules, before the 12th of April, the day when the supplemental code took effect as a law. To answer this question, we must inquire—1st, what those requirements were?

By the provisions contained in the 20th section of the Judiciary Act, the right was given to the complainant to apply for a re-hearing at a general term, but the time and manner of making the application were left to be regulated by the rules of practice which the court might adopt pursuant to the 24th section of the act. The power of the court to regulate the manner of exercising the right conferred by the act is not disputed, nor can it be. By the 16th section of the Judiciary Act, all the powers possessed by the late Supreme Court and Court of Chancery were vested in the newly organised court, so that the provisions of the 46th section of the act concerning the powers, &c. of the Court of Chancery, (2 R. S. 175) and the 28th section of the act concerning the Supreme Court, (2 R. S. 200) were directly applicable to the Supreme Court organised under the "act relating to the judiciary." By the 78th rule of court, it is provided that "notice of an application for a re-hearing before

court at a general term may be served at any time within thirty days after service of the decree or order complained of; and, if not applied for within that time, process may issue to enforce the decree or order." We regard this provision as a limitation of the time within which a rehearing may be applied for under the rule. It would be an anomaly to allow one party to prosecute measures for a rehearing; while the other was regularly executing process to enforce the decree. The two courses of proceeding are utterly inconsistent with each other; and it could never have been the intention of the rule to declare them both to be *regular*. While we say this, however, we by no means intend to say that by allowing the thirty days to elapse the right to a rehearing *is absolutely lost.* The court, upon a sufficient excuse, and for a good cause shown, has power to dispense with a rigid adherence to the requirements of the rule, (1 Paige, 391.) Another requisite made necessary by the 79th rule was, the service of a copy of the petition with notice of presenting the same, which petition should state the special matter or cause on which the rehearing was applied for, and the particular points in which the decree was alleged to be erroneous. Waiving the non-compliance with the provisions of the 79th rule in relation to the *contents of the petition* as unimportant, since the decision of the Court of Appeals declaring the order for a rehearing a matter of course instead of discretion, we are still unable to perceive any evidence of a compliance with the requirements of the 78th rule. The service of the order to stay proceedings, *unaccompanied with a notice of motion,* was a nullity, (1st Caines' Rep., 505; 5th Cowen's Rep., 438,) and so was the service of a copy of the petition. It is true that a notice of the motion for the St. Lawrence special term, held in February last was given on the 12th of that month; but that court had no jurisdiction of the motion inasmuch as the statute (section 20 of the Judiciary Act) as well as the 78th rule, required the motion to be made at a general term; and on the 14th of the same month the motion was countermanded. The notice of the application, therefore, which the rule had prescribed as a condition precedent to the relief sought, was not only not served within the thirty days, but not until long after the supplemental code became a law. The complainant then had acquired no rights under the rules when that act passed. To have done so he should have served a notice for the first general term, at which the motion could have been heard.

But suppose that the supplemental code had not been passed and this had been an application under the rules alone, we are of the opinion that it could not be granted. Though for a *good cause shown* we would allow a party to come in, after the lapse of the thirty days without a notice: yet we could

not do it in the absence of all excuse for the laches. There is in this case no excuse shown for the omission to give the notice in time. Mr. Loomis makes no affidavit at all; and Mr. Green's affidavit falls far short of showing any reason why it was not done. It does not appear but that the letter of Spencer and Kernan was immediately communicated to Mr. Loomis, nor but that he was well aware of the requirements of the 78th rule, and was made acquainted with the countermand of the motion for St. Lawrence special term in season to have given such a notice as the rule obviously demanded. We repeat, that upon the most indulgent construction we cannot hold the complainant's laches excused. But,

II. No right having been secured to the Plaintiff to have this motion entertained, and no effectual step having been taken under the 78th rule, on the 12th day of April, the provisions of the supplemental code became directly applicable to this case.

1st. The relief cannot now be granted under the Judiciary Act and rules of court. By the act called the Code of Proceedure, the practice of reviewing a decree made by a single justice upon a rehearing was abolished, and an appeal was substituted in the place of a rehearing. By the 388th and 389th sections of the code, all statutory provisions and all rules and practice of the courts inconsistent with that act were abrogated; and by the 391st section this repeal took effect on the 1st of July instant. The provision, therefore, of the "act relating to the judiciary," providing for a rehearing, and the 78th standing rule ceased to exist on the first of the present month. This repeal without any saving clause, applicable to cases situated like the one under consideration, took away all right of proceeding under the repealed statute and rule, notwithstanding the pendency of the suit at the time of the repeal. So, too, all *incohoate* rights acquired such act are lost, and those only are saved which have been so far *perfected* as to stand independent of the statute; or, in other words, which are *executed* and not *executory*. (See *Butler* v. *Palmer*, 1st Hill, 324.)

2d. It would seem, therefore, that the provisions of the supplemental code which was enacted expressly "*to facilitate the determination of existing suits*," must of necessity apply to this case. The provisions referred to are found in the 7th section, which enacts that no rehearing shall take place at a general term unless the decree involve the merits of the cause, and that the proceedings on the decree shall not be stayed unless security be given in the same manner and to the same extent as would be required in an appeal from an order or decree made at the general term. The act then proceeds to prescribe the conditions, upon which

rehearing may be had, in the following words: "*Nor shall such rehearing be had unless notice of the same be given within ten days after notice of the order or decree reheard, with the security thus required.*" We have said that the provisions were directly applicable to the case under consideration. It is true that the act cannot *literally* apply to a case in which the decree is already entered and notice thereof given. But the party against whom a decree is already entered cannot complain, for he has greater rights and has enjoyed in the whole a longer time within which to give notice of his application than the party who should suffer a decree after the act took effect. And the case is plainly within the *spirit and intent of the act*, unless we are to suppose that the Legislature intended to leave a large class of existing suits unprovided for, and to allow those who had already been guilty of laches in giving notice of their applications an *unlimited time* within which to do it, while it restricted those who had yet made no default to ten days upon the penalty of an absolute forfeiture of the right itself. The case is analogous to that arising under the statute of limitations in which the time will begin to run, from the passage of the act, although the cause of action may have accrued before that day. (See *The People* v. *The Supervisors of Columbia*, 10 Wendell, 363; see also 3d Paige, 410.) In *Fairbanks* v. *Wood*, 17 W. 329, the marginal note declares the same principle to have been decided as applicable to cases arising under the statute of limitations contained in the revision of 1830. This, however, was an error of the reporter, as the exact contrary of this principle was adjudicated in that case: not on a ground impugning the general rule of construction, but for the reason that the 45th section of the act (2 R. S. 300) had expressly exempted all cases in which the right of action had already accrued from the operation of the provisions of the statute. That this was the true ground of the decision. (See 3d Paige, 416, and 17 W. 329.) This explanation presents the decisions reported in 5th Hill, 409, and 2 Hill, 258, (which overrule the marginal note in *Fairbanks* v. *Wood*,) being regarded as authorities against the *general principle* above stated which we believe to be sound, and which we understand the court to approve in the case of *Fairbanks* v. *Wood*, notwithstanding in that particular cause it was held inapplicable as being in conflict with the 45th section of the act. It has been argued that by applying the provisions of the "act to facilitate the determination of existing suits" to the case at bar, the court would be giving the act a *retroactive effect*. We do not so understand the rule. It is not necessarily an objection to an act that its effect is retrospective unless it assumes to interfere with vested rights.

Here there are no vested rights, nor even any inchoate or imperfect rights. No *rights* were ever acquired under the Judiciary Act and the rules of court, independently of the fact that all inchoate rights were swept away by the repeal of all acts and rules providing for a rehearing in a case like this. (See an elaborate review of this whole subject in *Butler* v. *Palmer*, 1 Hill, 324.)

For the reasons we have given, we are of the opinion that the complainant acquired no rights under the rules of court to have his motion granted, and that he has failed to perform the only conditions which would have entitled him to a rehearing under the provisions of the supplemental code.

In a case of this description the court can grant no relief. It has no power to dispense with the conditions imposed by the statute. It can neither repeal its provisions, nor suspend their operation, nor withhold their application from a case, even where such application would work injustice. It is for the legislature to enact laws, while the humbler duty of the court is to expound and administer them. (See *Bay* v, *Van Rensselaer*, 1st Paige's Rep. 423; 5th Wendell's Rep. 136; 9th Paige, 572; 10th Paige, 370; 1st Barbour's Ch. R. 400.) The point suggested for our decision upon this motion has arisen in the 1st judicial district, and at the last May term was decided in the same manner as we feel bound to decide it here, and we refer to the able opinion delivered by Judge Edmonds (in the result of which we fully concur) for a very full statement of the grounds on which the court placed its decisions. (See 3d Howard's Special Term Rep. 254.)

We regret the disposition of this motion which the law compels us to make, both because the amount involved in the controversy is large and the questions are important. It may have been indiscreet to make so short a limitation of time an absolute bar to a right so important, and still more unwise to ordain that its provisions should take effect immediately. But we must be permitted to say that, for the evils which may result from this inconsiderate and crude legislation, the courts are not responsible.