Johnson, J.
This action is in effect, though not in form, an appeal by the plaintiff from the. decision of the board of supervisors, acting in their judicial capacity, upon his claim against the county of Greene. His claim is conceded to have been against the county, and it was presented to the board for allowance, was examined and passed upon by that body, the amount determined to be actually and justly due declared, and its payment juovided for in the mode prescribed by law. It is alleged that the decision of *647 the board was clearly erroneous in respect to the amount actually and legally due to the plaintiff, and it seems to be assumed that this error on the part of that tribunal affords a good foundation for the action in the supreme court upon the same claim.. This is a radical mistake. The erroneous decision of that tribunal, if it committed any error, furnishes no ground for an original action to recover the same claim, and certainly the law recognizes no such proceeding for the purpose of reviewing and correcting the errors in its decisions. On the contrary, as the law gives no appeal from the determinations -of the board of supervisors in auditing and allowing, or rejecting, claims properly submitted to be audited, it necessarily follows that their action in the matter is final and conclusive. The board of supervisors is the body to which the statute has committed the power “to examine, settle and allow all accounts chargeable to such county, and to direct the raising of such sums as may be necessary to defray the same.” It was held by chis court, in Brady v. The Supervisors of the City and County of New York (10 N. Y. R. 260), that it had exclusive jurisdiction in such matters, and that no action could ne maintained for the recovery of a county charge, either against the county or the board of supervisors. The decision is entirely conclusive of this case. It is claimed by che appellant’s counsel that the decision in that case is not controlling in this, because in that case the plaintiff had never submitted his claim to the supervisors to be examined, settled and allowed. But the fact that the demand in this case has been submitted to the appropriate tribunal, and has there been examined, settled and allowed, so far as it was deemed to be accurate and just, makes the case still stronger, if possible, against the plaintiff. The court, however, in that case, went the entire length of holding that no action could be maintained in a court of law for the recovery of any claim of this character. This has always been understood to be the law of this state. It is *648 upon this ground that the writ of mandamus has been heretofore allowed, against boards of supervisors, in favor of claimants against a county, to set them in motion, and compel them to adjudicate upon claims. (The People v. Supervisors of Columbia, 10 Wend. 363; 2 Sand. S. C. 460.) The policy of not allowing every claimant against a county to vex and harass it with a law suit, but compel ing him, in lieu thereof, to submit his claim to the board of supervisors, to be examined and passed upon, and havt the amount allowed put into the tax upon the county, and collected in that way, is undoubtedly a wise and salutari one, which ought to be upheld and sustained rigorously by courts. Sometimes) doubtless; complete and exact ju? tice will not be done between claimants and the county But that is no mere than may be affirmed of every othet human tribunal,' for the trial and determination of disputed claims. It is enough, however, that the policy of the law forbids an action for the cause alleged against the county The judgment of the supreme court is, therefore, right and must be affirmed.
Selden, J., was for revetsah All the other judges being in favor of affirmance, judgment affirmed.