Westbrook, J.
[after stating the facts].—The objection that a mandamus was not the proper remedy, was argued preliminarily, and disposed of prior to hearing the argument upon the merits. It may not be improper, however, as this case is one of great public interest, to state briefly the reasons which influenced that decision. Assuming the validity of the act of 1872, the doing the work, the honest expenditure of the money, and all the facts set out in the moving papers (all' of which mast be assumed in disposing of this preliminary objection), a plain duty was imposed upon the respondent by the statutes of the State, one which was imperative and mandatory, the non-discharge of which worked gross wrong and injustice to the relator. No other remedy was adequate and proper to meet the case. The taxpayers and all the officers of the corporation, other than the respondent, had faithfully and completely discharged their various duties. The money had been collected and paid into the city treasury—the auditor, under the direction of the comptroller, had certified to the justice of the claim—the comptroller had drawn his warrant for the amount, and the only obstacle to its payment was the want of a counter-signature of the mayor, who (all this must be conceded in asking a refusal of the writ on this ground) without reason and without cause, declines to affix his name to a warrant which the law declares he shall do. What other remedy will meet this case % Granting, for the sake of argument, that an action could be maintained against the corporation for labor performed and moneys expended under the act (which, as the law specially provides for the ascertainment of the claim, the mode of *223 raising the money, and its payment, I do not believe), what propriety is there in subjecting the municipality of the city of New York (as well as the relator; to the costs and expenses of an action at law to enforce a claim which every tax-payer and officer thereof, except the mayor, desires to have paid, and has done all in his power to have discharged? Within every principle which has ever been held upon the writ of mandamus, it must be the proper remedy. No other will reach the evil, and devolve the costs of the proceedings where they belong, if the points urged upon the merits do not justify the Mayor in refusing to perform the official act.
¿he reasons which influenced us in holding that a mandamus is the appropriate remedy in this proceeding, are fully sustained in The People v. The Supervisors of Columbia County (10 Wendell, 363), and The People v. Mead (24 N. Y., 114; see pages 120, 121, 122, 123). In the latter case, Judge Denio, in commenting upon some decisions which have been strenuously urged to this court, says : “ But I do not think these cases fully in point against the plaintiff. None of them present the case of a proceeding prescribed by statute for raising money by a local tax for the benefit of a class of creditors, where that proceeding has been carried on, according to law, nearly to its completion, where it has proved effectual in raising the money from the tax-payers, who were the proper parties charged with its payment, and where the only step wanting to ' produce satisfaction to the creditor is the payment of the money, so raised, into his hands. If the defendants are allowed to persist in refusing to make payment, on the ground that the relator has a right of action against the town, the anomaly would be presented of the legal pursuit by a creditor of money owing by the town, which it had already raised and collected from the taxpayers, and placed in the hands of a public officer for the purpose of being paid to its creditors—all in per- *224 for manee of specific statutory directions—but where in consequence of the perversity of the official person, whose duty it was made to pay it over, it could not be obtained by the creditor.” This is the exact course of argument which influenced us in overruling the motion to dismiss the proceedings upon the ground that the remedy asked for—a mandamus—was not the appropriate one, and with a single further citation from the same opinion of Judge Denio, in which he comments upon the other case we have cited (The People v. The Supervisors of Columbia County), we close the discussion of this preliminary objection: “If the opinion should be thought to go too far in denying the liability of the county to an action, still the case is an authority for holding that when a particular method of raising money for local public purposes is prescribed by statute, the party entitled to receive it has a right to the full and perfect execution of the power conferred, which may be enforced by the writ of mandamus.”
But it is further objected (and this objection goes to the merits of the application), that the certificate given by the superintending engineer, and for one half of which the comptroller of the city drew his warrant, includes items not expressly chargeable, under the act of 1872, to the cost of the improvement. If this objection be well taken, the amount of the illegal charges embraced in the certificate, is of no consequence, and hence the application for a reference to ascertain the exact amount of such improper charges was refused. The certificate could only include such items as the law aforesaid authorized, and if it was made up in part of sums unauthorized, the application for the writ would be refused if such amount was great or small.
[His Honor then proceeded to consider at length the application on its merits.]
The result of my examination is, that the peremptory mandamus asked for should issue.