## NEW YORK COMMON PLEAS.

THE PEOPLE, &c., *ex rel.* JAMES McKOWN, appellant, agt. ANDREW H. GREEN, comptroller, &c., and GEORGE M. VAN NORT, commissioner, &c., respondents.

*Mandamus to compel comptroller of New York city to approve a bond and sureties.*

Where a bond with sureties, given by a contractor for the performance of a contract to do certain public work for the city of New York, is presented to the comptroller of the city for his approval and he refuses to do so, not on the ground that the sureties are insufficient or that the bond is not in proper form, but on the ground of certain objections to the assessments made for the work to be done under the contract, a peremptory mandamus will issue to compel him to pass upon the sufficiency of the bond and the sureties, and either approve of them or reject them for insufficiency.

*General Term, December,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* LARREMORE, *JJ.*

APPEAL from an order of the special term of this court refusing a peremptory writ of mandamus.

*James A. Deering,* for relator, appellant.

*E. Delafield Smith,* counsel to the corporation.

*T. B. Clarkson,* for respondents.

LOEW, *J.* — On or about the 31st day of October, 1872, an ordinance was adopted by the common council and approved

by the mayor directing that Madison avenue, from Ninety-ninth street to One Hundred and Fifth street, be regulated, graded, &c. The relator was the lowest bidder for the work. His estimate, or proposal, was accordingly accepted by the commissioner of public works, who notified him of such acceptance. Subsequently the commissioner of public works transmitted the relator's bid, or proposal, with the agreement of the sureties for the faithful performance of the work, to the comptroller for his approval of the security offered.

The comptroller refused to signify his approval of the sureties and returned the papers to the commissioner of public works, who now holds the same and declines to enter into a contract with the relator, on the ground that the adequacy of the sureties to said agreement or bond has not been approved.

The relator thereupon applied to this court, at special term, for a peremptory writ of mandamus directed to the respondents and commanding, or requiring:

1st. That the respondent Van Nort return the bid and agreement of sureties or bond to the respondent Green.

2d. That the respondent Green, as comptroller, approve of the sufficiency of the sureties and of their justification and acknowledgment, and return the said proposal and agreement of sureties to the said commissioner of public works.

3d. That the respondent Van Nort, as commissioner of public works, on receiving the said proposal and agreement of sureties, with the approval of the respondent Green thereon indorsed, enter into a contract with the relator for the work in question.

The application was denied, and the relator now brings this appeal.

As the commissioner of public works has signified his willingness to execute the contract with the relator, upon the approval of the sureties' bond by the comptroller, the only question which was discussed before us on the argument, and which we deem it necessary to consider, is whether the court

People *ex rel.* McKown agt. Green.

should compel the comptroller to approve of the sufficiency of the sureties. It is not claimed on the part of that official that there is any illegality as regards the ordinance referred to, or any irregularity or informality with reference to the said bid, or the agreement executed by the sureties, nor is the adequacy or sufficiency of the security in anywise questioned. The only ground on which the comptroller based his refusal to approve of the security, &c., was that there was " *a defi-ciency in the assessed value of the property on the line of the proposed work.*" In our opinion, the reason assigned by the comptroller is insufficient to sustain the position assumed by him. It is true, the act of 1840 provides that no house or lot shall in any case be assessed for any improvement authorized by law, more than one-half the value of such house or lot as valued by the assessors of the ward in which the same shall be situate (*Laws of* 1840, *chap.* 326, *sec.* 7). It would also seem that in the present case the estimated cost of the pro-posed work is largely in excess of the value of the property on the line of the proposed improvement, as fixed by the assessors. But it does not necessarily follow that the costs of the work in question may not be lawfully imposed on the property benefited thereby.

In the construction of all public works or improvements performed under authority of law, the corporation is author-ized during the progress of the work to pay for the same in installments from the proceeds of what are denominated assessment bonds which it is allowed to issue (*Laws of* 1872, *chap.* 580, *sec.* 4; *Laws of* 1852, *chap.* 397). The laying of the assessment may, however, be deferred until after the whole work is completed (*Manice* agt. *The Mayor, &c.,* 8 *N. Y.,* 120; *Wetmore* agt. *Campbell,* 2 *Sandf.,* 341) This being so, we can perceive no legal obstacle ; nor has any been suggested by the learned counsel for the respondents which would prevent the assessors from duly increasing the assessable valuation of the property adjoining the improvement after the completion of the work

and before the making of the assessment. The presumption is that the value of the property on the line of the improvement would be increased by at least the amount of the expense incurred in the construction thereof; and, in most cases, the work would doubtless promote an increase in the value to a much greater extent. It would be the duty of the assessors to increase the assessable value of the adjacent property in accordance with the benefit accruing from the improvement; hence, an assessment might be laid for the amount expended by reason of the work, which would not be in contravention of the act of 1840. The objection raised by the comptroller could thus be overcome.

It is next contended that although all the proceedings may be regular, the relator the lowest bidder, and the sureties offered by him unexceptionable, yet he cannot legally compel the city authorities to give him the contract. There is much force in this objection. The section of the charter of 1873 which the relator claims entitles him to this contract, as matter of strict legal right, declares, among other things, that " all such contracts, *when given*, shall be given to the lowest. bidder (*Laws of* 1873, *chap.* 335, *sec.* 91). The term "*when given*," clearly implies that a discretion may be exercised as to whether or not a contract shall be given at all (*The People, &c.*, agt. *The Contracting Board*, 33 *N. Y.*, 382; *Same* agt. *Same*, 27 *id.*, 378). The authorities are not bound, at all events, to give the contract to the lowest bidder; but if given to any one it should be given to him if he has, in all respects, complied with the requirements of the law. It is not, however, necessary at present to inquire with whom the discretionary power referred to is lodged. It is sufficient to say that it is not vested in the comptroller. The only power conferred upon that official by the section of the Charter alluded to, is that of determining the "adequacy and sufficiency" of the proposed sureties, and of the "justification and acknowledgment." The law has charged him with no other duty, and given him no other power or authority with

reference to the contract. The naming of certain specified powers or duties by the law makers excludes the idea that others were intended to be conferred ; the maxim " *expressio unius est exclusio alterius* " is applicable.

Again, it is urged that mandamus does not lie, because the relator has an adequate remedy, by action at law, for damages, either against the city or the comptroller, or both. The general rule, undoubtedly, is that a writ of mandamus will not be awarded where the party has another complete remedy at law. There are, however, some exceptions. Executive and ministerial officers and corporations may be compelled by mandamus to perform the duties imposed upon them by law, although a right by action may exist (*The People* agt. *Mead*, 24 *N. Y.*, 114; *McCullough* agt. *The Mayor of Brooklyn*, 23 *Wend.*, 457; *The People, &c.*, agt. *Havemeyer*, 47 *How.*, 494). In the present case, assuming that the city would be liable in an action, we do not think that the taxpayers at large should be mulcted in damages because an officer of the corporation refuses or neglects to perform a duty imposed on him by law; nor do we think that the relator should be compelled to resort to an action against the offending official which might, perhaps, prove to be an inadequate remedy (*The People* agt. *Mead, supra ; The People* agt. *The Supervisors, &c.*, 10 *Wend.*, 363). The proper and appropriate remedy in such a case is a mandamus.

It is true the comptroller, in the performance of the duty of passing upon the sufficiency of the sureties, necessarily exercises judgment and discretion; consequently the act must be deemed to be a judicial one. This court will not, therefore, compel him to determine the question of sufficiency in a particular way; otherwise, the judgment of the court would be substituted for that of the comptroller. The writ of mandamus will be awarded to compel subordinate tribunals, or officers acting judicially or exercising discretionary powers, to proceed in a matter or adjudicate thereon, without, however, controlling the exercise of their judgment or discretion

in the premises (*The People* agt. *The Judges, &c.,* 20 *Wend.,* 658; *Hull* agt. *Supervisors of Oneida,* 19 *Johns.,* 260). But ordinarily it is otherwise in regard to ministerial officers and corporations. They may, in general, be compelled, by mandamus, to do specific acts in a particular way or manner (*The People* agt. *The Judges, &c., supra*).

The order of the special term should be reversed, with costs, and a peremptory writ of mandamus awarded, in accordance with the foregoing opinion.

LARREMORE, J., concurred.

DALY, *C. J.* — I concur in the conclusions arrived at by judge LOEW. The order should be reversed and a peremptory mandamus issued requiring the comptroller to pass upon the sufficiency of the bond and the sureties; that is, that he should either approve the bond or reject it for a defect in form, or because the sureties are insufficient.